FILED
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK** PM 2: 40
2012 MAY 11

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

|  |  |
|---|---|
| Patricia E. Jimenez, | |
| Plaintiff, | CV 12 -      ≈351 |
| v. | Civil Action No. |
| Redline Recovery Services, L.L.C.; and DOES 1-5, inclusive, | IRIZARRY, J. |
| Defendants. | POHORELSKY, M.J. |

## COMPLAINT

Plaintiff, Patricia E. Jimenez, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. by Defendants and their agents in their illegal efforts to collect a consumer debt. Plaintiff, by way of this Complaint, states as follows:

## JURISDICTION AND VENUE

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

2.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

3.     Pursuant to 28 U.S.C. § 1391(b), Venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4.     The Plaintiff, Patricia E. Jimenez ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Redline Recovery Services, L.L.C. ("Redline Recovery"), is a Georgia business entity with an address of 11675 Rainwater Drive, Suite 350, Alpharetta, Georgia 30009. Redline Recovery operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     DOES 1-5 (the "Collectors") are individuals employed by Redline Recovery, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     At all times, Redline Recovery acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $13,000.00 (the "Debt") to Discover Bank (the "Creditor").

2.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

3.     The alleged Debt was purchased, assigned, or transferred to Redline Recovery for collection, or Redline Recovery was employed by the Creditor to collect the alleged Debt.

4.      The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## A. Redline Recovery Engages in Harassment and Abuse

5.      In February or March of 2012, Plaintiff responded to a voicemail from a Redline Recovery representative who asked Plaintiff to call back to discuss her account.

6.      Prior to receiving the aforementioned voicemail, Plaintiff received a letter from Redline Recovery that was dated February 14th, 2012, in which it was alleged that her account with Discover Bank was in default.

7.      Plaintiff telephoned the number mentioned in paragraph 5, above, intending to inquire about the alleged debt and to set up a payment plan if necessary and appropriate. Plaintiff began speaking with a Redline Recovery representative about the debt and payment options.

8.      During the call described *supra* in paragraph 7, Plaintiff was transferred to another representative who was identified as a Redline Recovery collections manager ("collections manager").

9.      The collections manager demanded a payment of $50.00 within two hours. The manager said that if Plaintiff did not provided this payment within two hours he would call Plaintiff's creditors and indicate that she was not being cooperative.

10.     When Plaintiff said she needs additional time, the manager exclaimed that she needs to "think about it right now!" The manager berated Plaintiff by yelling at her and making demeaning comments which included, but were not limited to, "What's wrong with you?"

3

11.    Plaintiff felted threatened, demeaned, and shocked by the collection manager's comments.

12.    Plaintiff did not pay Redline Recovery $50.00 within two hours.  Upon information and belief, Redline Recovery did not inform Plaintiff's creditors that she was being uncooperative.

13.    On March 20, 2012, Plaintiff sent a letter to Defendant asking Defendant to verify the debt.  Defendants have not verified the Debt.

**B.  Plaintiff Suffered Actual Damages**

14.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

17.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.    The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used language the natural consequence of which was to abuse the Plaintiff.

4

19.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

20.    The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.

21.    The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants made a false implication Plaintiff committed conduct in order to disgrace Plaintiff.

22.    The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate to any person credit information which is known or which should be known to be false.

23.    The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Plaintiff requested that Defendants verify the alleged debt, and Defendants did not verify the alleged debt.

24.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.    The Plaintiff is entitled to damages as a result of Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.   Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.   Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5

4. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 11, 2012

Respectfully submitted,

By: _____

Hashim Rahman, Esq.

Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457

6